IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMERICAN MIDSTREAM GP, LLC n/k/a THIRD COAST MIDSTREAM HOLDINGS, LLC, | § § § | No. 22, 2025 |
| | § | Court Below–Court of Chancery |
| Defendant Below, Appellant, | § § § | of the State of Delaware |
| | § | C.A. No. 2019-0641 |
| v. | § § | |
| CRAIG W. THOMAS, on Behalf of Himself and All Others Similarly Situated, | § § § § | |
| | § | |
| Plaintiff Below, Appellee. | § § | |

Submitted: January 16, 2025
Decided: February 25, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice of appeal from an interlocutory order and its exhibits, it appears to the Court that:

(1)    American Midstream, GP, LLC n/k/a Third Coast Midstream Holdings, LLC ("GP") seeks interlocutory review of the Court of Chancery's order denying its motion for summary judgment (the "Opinion").[1] The following facts are relevant to this appeal. American Midstream Partners, LLC (the "Partnership") was a Delaware

---

[1] *Thomas v. Am. Midstream GP, LLC*, 2024 WL 5135828 (Del. Ch. Dec. 17, 2024).

master limited partnership. GP, which was wholly owned by affiliates of ArcLight Capital Partners, LLC ("ArcLight"), was the Partnership's general partner. In 2018, ArcLight proposed a merger whereby it would acquire all issued and outstanding Partnership units that it did not already own (the "Merger"). Because the offer presented a conflict of interest, GP appointed a conflicts committee of independent directors (the "Conflicts Committee") to obtain "Special Approval," which would shield the Merger from judicial review under Section 7.9(a) of the Partnership's limited partnership agreement (the "LPA"). The Conflicts Committee was charged with negotiating with ArcLight on behalf of the Partnership, but it did not have the authority to approve of the Merger on GP's behalf.

(2)    In connection with its negotiations with ArcLight, the Conflicts Committee enlisted the aid of a financial advisor, Evercore Group LLC ("Evercore"), to provide it with a fairness opinion for the Conflicts Committee's use in evaluating the Merger (the "Fairness Opinion"). The finalized engagement letter provided, in relevant part, that "The Partnership and the Conflicts Committee agree that any information or advice … rendered by Evercore in connection with this engagement is for the confidential use of the Conflicts Committee only…."[2] After Evercore delivered a thorough presentation on its Fairness Opinion to the Conflicts

---

[2] *Id.* at *2.

Committee, the Conflicts Committee granted Special Approval and, thereafter, GP's board of directors approved the Merger.

(3) In 2019, the plaintiff-below/appellee, Craig Thomas, a former minority Partnership unitholder, filed a four-count class action against GP in the Court of Chancery. Count I, which alleges that GP had breached Section 7.9(a) of the LPA, survived GP's motion to dismiss because the Court of Chancery found that it was reasonably conceivable that the Conflicts Committee had not granted Special Approval in good faith as required by the LPA.[3]

(4) In February 2024, GP moved for summary judgment on Count I under Section 7.10(b) of the LPA, which provides for a conclusive presumption of good faith to GP's actions when GP relies on the advice or opinion of professionals with whom it has consulted. GP argued that this conclusive presumption of good faith should applied to either GP or the Conflicts Committee. On December 17, 2024, the Court of Chancery issued the Opinion denying GP's motion for summary judgment.[4] The Court of Chancery found that: (i) Section 7.10(b) does not apply to conflicted transactions;[5] (ii) even if Section 7.10(b) applied to conflicted transactions, GP was could not avail itself of the presumption because GP had not established that GP

---

[3] *Id.* at *4.

[4] *Id.* at *9.

[5] *Id.* at *5.

relied on the Fairness Opinion, that Evercore's Fairness Opinion redounds to GP, or that the Conflicts Committee was acting for GP (to the contrary, the Court of Chancery noted that the Conflicts Committee was negotiating on behalf of the Partnership *against* GP);[6] and (iii) the Conflicts Committee could not avail itself of the presumption because the Conflicts Committee was not acting on behalf of GP.[7] On December 27, 2024, GP asked the Court of Chancery to certify an interlocutory appeal of the Opinion. Thomas opposed the application.

(5) On January 9, 2025, the Court of Chancery denied the application for certification.[8] As an initial matter, the court disagreed with GP that the Opinion had decided a substantial issue of material importance—a threshold consideration under Rule 42.[9] To the contrary, the Court of Chancery found that the Opinion had merely interpreted the contractual language of the LPA in a manner consistent with Delaware case law. Nevertheless, and for the sake of completeness, the Court of Chancery considered the Rule 24(b)(iii) factors cited by GP—Factor A (the Opinion resolved a question of law for the first time in this State), Factor B (trial court decisions are conflicting on the question of law at issue), Factor G (interlocutory

---

[6] *Id.* at *8.

[7] *Id*.

[8] *Thomas v. Am. Midstream GP, LLC*, 2025 WL 53174 (Del. Ch. Jan. 9, 2025).

[9] Del. Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

4

review may terminate the litigation), and Factor H (interlocutory review would serve the considerations of justice)—and concluded that they did not warrant the certification of an interlocutory appeal. *First*, the court found that the Opinion did not resolve a question of law but applied Delaware precedent to the facts before it. *Second*, the court concluded that the Opinion did not conflict with other trial court decisions—a point seemingly conceded by GP in its application, which asserted that the Opinion "potentially conflicts with Delaware law."[10] *Third*, although the Court of Chancery agreed with GP that interlocutory review may terminate the litigation, it found that this factor, alone, was insufficient to justify the certification of an interlocutory appeal. *Fourth*, the Court of Chancery rejected GP's claim that interlocutory review would serve the considerations of justice.

(6)     We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[11] Exercising our discretion and giving due weight to the Court of Chancery's analysis, we have concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the

---

[10] Notice of Appeal from Interlocutory Order, Ex. 3 at 9.

[11] Del. Supr. Ct. R. 42(d)(v).

Opinion do not exist,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal be REFUSED.

BY THE COURT:

/s/ *Karen L. Valihura*
Justice

---

[12] Del. Supr. Ct. R. 42(b)(ii).

[13] Del. Supr. Ct. R. 42(b)(iii).